UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SATWINDER SINGH,

    Petitioner,

v.

ALBERTO GONZALES, *et al.*,

    Respondents.

CASE NO.  C05-834-MJP-MJB

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

On May 4, 2005, petitioner filed, through counsel, a Petition for Writ of Habeas Corpus pursuant to 8 U.S.C. § 2241.  (Dkt. #1).  At the same time, petitioner filed a Motion for Stay of Removal.  (Dkt. #1).  Petitioner argues that because his previous attorney failed to file an appeal brief with the Board of Immigration Appeals ("BIA"), he was deprived of an opportunity to have his claim heard by the BIA in violation of his due process rights and of the Immigration and Nationality Act ("INA").  Petitioner asks this Court to review the lawfulness of his final order of removal from the United States and order respondents to move to reopen his removal proceedings so that he can file a timely appeal with the BIA.  (Dkt. #1 at 11-12).

On May 16, 2005, respondents filed an opposition to petitioner's motion for stay and a

REPORT AND RECOMMENDATION
PAGE – 1

cross-motion to dismiss petitioner's habeas petition for lack of jurisdiction. (Dkt. #4). Respondents contend that pursuant to the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, enacted on May 11, 2005, the District Court does not have jurisdiction over challenges to a final order of removal or requests for stay, and that any such habeas petition must be dismissed. (Dkt. #4). On June 8, 2005, petitioner filed a motion to transfer the instant case to the United States Court of Appeals for the Ninth Circuit, contending that such transfer is required by § 106(c) of the REAL ID Act. (Dkt. #8).

In light of the recently enacted REAL ID Act, I recommend that the Court transfer this action to the United States Court of Appeals for the Ninth Circuit as a Petition for Review.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of India. (Dkt. #1 at 4). On September 17, 1996, he filed a Form I-589 Application for Asylum and Withholding of Removal under the INA and the Convention Against Torture. (Dkt. #1, Ex. 1). On October 9, 1997, the former Immigration and Naturalization Service ("INS") issued a Notice to Appear, placing petitioner in removal proceedings for being present in the United States without being admitted or paroled. (Dkt. #1, Ex. 3). On October 14, 1997, petitioner was notified by letter that his application was being referred to an Immigration Judge ("IJ") for adjudication. (Dkt. #1, Ex. 2).

On July 20, 1998, petitioner appeared with counsel before an IJ and admitted the allegations contained in the Notice to Appear and conceded his removability. (Dkt. #1, Ex. 3). On August 21, 2001, the IJ denied petitioner's application. (Dkt. #1, Ex. 3). On August 28, 2001, petitioner filed a Notice of Appeal of the IJ's decision with the BIA. Petitioner checked box 6 on the Notice of Appeal, indicating that a separate written brief or statement would be filed in addition to the reasons for appeal accompanying the Notice of Appeal. (Dkt. #1, Ex. 4).

On August 19, 2002, the BIA dismissed the appeal based in part on the fact that petitioner had not submitted a written brief or statement.  However, the BIA stated that "upon review of the record, we are not persuaded that the Immigration Judge's ultimate resolution of this case was in error."  (Dkt. #1, Ex. 7).  Additionally, pursuant to the IJ's order, the BIA permitted petitioner to voluntarily depart the United States within 30 days of the BIA's order.  (Dkt. #1, Ex. 7).  Petitioner alleges that he was never notified that the appeal was dismissed or that he had 30 days to voluntarily depart the United States.  (Dkt. #1 at 5).

On April 15, 2005, petitioner was arrested and placed in immigration custody by the Bureau of Immigration and Customs Enforcement ("BICE").  On or about May 4, 2005, petitioner filed a motion to reopen his removal proceedings with the BIA based on a claim of ineffective assistance of counsel.  (Dkt. #1, Ex. 13).  The same day, petitioner filed the instant habeas petition, asking this Court to find that his due process rights were violated by the ineffective assistance of his previous attorney, and order respondents to move to reopen his removal proceedings.  (Dkt. #1).  On May 16, 2005, respondents moved to dismiss the petition for lack of jurisdiction.  (Dkt. #4).  On June 8, 2005, petitioner moved to transfer the case to the Ninth Circuit pursuant to § 106(c) of the REAL ID Act.  (Dkt. #8).

## TRANSFER OF JURISDICTION

On May 11, 2005, the President signed into law the REAL ID Act of 2005.  Two sections of the Act, §§ 101 and 106, amend § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252, which governs judicial review of removal orders.  INA § 242(a)(5), 8 U.S.C. § 1252(a)(5), is now amended as follows:

> (5) EXCLUSIVE MEANS OF REVIEW.--Notwithstanding any other provision of law  (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651

REPORT AND RECOMMENDATION
PAGE – 3

of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e).  For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

REAL ID Act § 106(a)(1).  This provision explicitly deprives this Court of jurisdiction under 28 U.S.C. § 2241 to review an order of removal entered under the Immigration and Nationality Act.  *See also* INA § 242(b)(9), 8 U.S.C. § 1252(b)(9)("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section.  Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order [of removal] or such questions of law or fact").  Moreover, Section 106(b) of the REAL ID Act explicitly provides that Section 106(a) is retroactive: "subsection (a) shall take effect upon the date of enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment."  REAL ID Act § 106(b).

In this action, petitioner alleges that his constitutional due process rights have been violated because of the ineffective assistance of his former attorneys in failing to file an appeal brief with the BIA.  A claim of ineffective assistance of counsel during removal proceedings clearly seeks review of the legality of a final order of removal and arises from an "action taken

REPORT AND RECOMMENDATION
PAGE – 4

or proceeding brought to remove" him from the United States. INA §§ 242(a)(5), 242(b)(9), 8 U.S.C. §§ 1252(a)(5), 1252(b)(9). Accordingly, under the REAL ID Act, this Court no longer has jurisdiction to entertain this action.

However, the REAL ID Act provides that if any § 2241 habeas corpus case challenging a final administrative order of removal, deportation, or exclusion is pending in a district court on the date of enactment, "then the district court shall transfer the case (or any part of the case that challenges the order of removal ...) to the [appropriate] court of appeals." REAL ID Act § 106(c). Because the instant habeas petition was pending on the date of enactment, this action should be transferred to the Ninth Circuit Court of Appeals for resolution as a Petition for Review in accordance with Section 106(c) of the REAL ID Act.

## CONCLUSION

For the foregoing reasons, I recommend that this case be transferred to the Ninth Circuit as a Petition for Review pursuant to § 106(c) of the REAL ID Act.[1] A proposed Order accompanies this Report and Recommendation.

DATED this 12th day of July, 2005.

MONICA J. BENTON
United States Magistrate Judge

---

[1] Petitioner requests that the District Court not rule on his pending motion for stay of removal (Dkt. #1), and that the pending motion and habeas petition be transferred to the Ninth Circuit as a petition for review, thereby causing a temporary stay to automatically issue. Ninth Circuit General Order 6.4(c)(1). (Dkt. #8).

REPORT AND RECOMMENDATION
PAGE – 5